# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
## Civil Action No. 3:17-cv-00296-RJC-DSC

**KENNETH H. TATE,**

                    **Plaintiff,**

    **v.**

**AUTO TRUCK TRANSPORT USA, LLC, et. al.,**

                    **Defendants.**

## MEMORANDUM AND RECOMMENDATION AND ORDER

**THIS MATTER** is before the Court on "Defendant IAMAW's Motion to Dismiss" (document #11), "Defendant Auto Truck Transport USA LLC's Motion to Dismiss …" (document #13), and the parties' briefs and exhibits.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and this Motion is now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendants' Motions to Dismiss be <u>granted</u>, as discussed below.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Kenneth H. Tate brings this action against his employer Auto Truck Transport USA LLC ("ATT") and his union, the International Association of Machinists and Aerospace Workers ("IAMAW"). ATT and the IAMAW are parties to a National Master Agreement ("CBA") effective November 1, 2014. See Exhibit 1 to "Amended Complaint" (document #5).

Accepting the factual allegations of the Complaint as true, Plaintiff was hired as a driver by ATT at their San Antonio, Texas terminal on April 28, 2014. Plaintiff is a dues-paying member

of the IAMAW and a bargaining unit employee covered by the CBA. The CBA "dictates the collective bargaining terms of employment for ATT employees."

In March 2015, Plaintiff transferred to ATT's Mt. Holly, North Carolina terminal as a driver. In January 2016, he was notified of a job opening in the shop and accepted a transfer to that position. Under the CBA, he began a ninety day qualification period following his transfer to the shop. The CBA states that ATT's decision during the ninety day qualification period is "without recourse." "Amended Complaint," Exhibit 1, Art. 3, § 4 (document #5).

In February 2016, Plaintiff was laid off from the shop due to a reduction in force. He returned to work as a driver. Plaintiff alleges generally that "two (2) younger employees under the age of 40, Corey Williams and Michael Sipe, and others similarly situated, are being treated better than [he is]." "Amended Complaint" (document 5) at 8. Williams and Sipe were also laid off, but were called back to the shop before Plaintiff, despite his certifications and company seniority. Plaintiff concedes that Williams and Sipe had greater "shop seniority" at the Mount Holly terminal. Id. The CBA provides that layoffs for shop positions are effected in order of terminal seniority – not company seniority – with the most junior employee laid off first. "Amended Complaint," Exhibit 1, Art. 3, § 2(a) (document #5).

Plaintiff filed a grievance as allowed by the CBA, as well as an administrative charge with the Equal Employment Opportunity Commission ("EEOC"). IAMAW refused to pursue the grievance.

On March 2, 2017, the EEOC dismissed Plaintiff's charge and issued a right-to-sue notice.

In April 2017, Plaintiff accepted another shop position and was again subject to a ninety day qualification period. On May 18, 2017, the union's shop steward told him that "the Union and the Company did not want him in the Shop." On May 24, 2017, Plaintiff was given a "Mount Holly

Decking Employee Review" and was advised that he was still in "his 90-day probationary period." The review noted that Plaintiff's performance was unsatisfactory, and that he was "unable to comprehend." Plaintiff claims that this statement was repeated to him by Mark Foster, a coworker, who yelled and cursed at him. Plaintiff was subsequently removed from the shop and returned to his driver position. Plaintiff filed a grievance based upon his removal from the shop. IAMAW again refused to pursue the grievance Plaintiff filed against ATT.

Plaintiff filed his Amended Complaint on August 11, 2017. He alleges age discrimination and retaliation in violation of the Age Discrimination in Employment Act of 1967 ("ADEA") and a common law claim for breach of contract. He seeks compensatory and punitive damages as well as injunctive relief.

On September 18, 2017, Defendants moved to dismiss. Defendants' Motions to Dismiss have been fully briefed and are ripe for determination.

## II. DISCUSSION

### A. Standard of Review

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)).

### B. ADEA Claims

The ADEA "prohibits an employer from failing or refusing to hire, discharging, or otherwise discriminating against an individual with respect to compensation, terms, condition or

privileges of employment because of the employee's age." Hoffman v. Family Dollar Stores, Inc., 99 F. Supp. 3d 631, 636 (W.D.N.C. 2015) (citing 29 U.S.C. § 623(a)(1)). "Age must be the 'but-for' cause of the employer's action for the action to violate the ADEA." Fisher v. Winston-Salem Police Dep't, 28 F. Supp. 3d 526, 529 (M.D.N.C. 2014) (quoting Buchhagen v. ICF Intern., Inc., 545 Fed. Appx. 217, 220 (4th Cir. 2013) (unpublished)).

"The ADEA's anti-retaliation provision prohibits employers from retaliating against employees for exercising their right to raise a discrimination claim." Id. at 532 (citing 29 U.S.C. § 623(d)). "To demonstrate retaliation, Plaintiff must show: (1) engagement in a protected activity; (2) a materially adverse action; and (3) a causal link between the protected activity and the employment action." Id. (citing Coleman v. Maryland Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010)).

Plaintiff asserts that he was laid off from his shop position in February 2016 as a result of age discrimination. The CBA provides that layoffs for shop positions are effected in order of terminal or shop seniority – not company seniority. Plaintiff pled no facts showing that ATT deviated from the prescribed layoff procedure. To the contrary, Plaintiff concedes that he had less shop seniority than his alleged comparators. He has also failed to allege any facts showing that the layoff was age related or that younger employees were treated more favorably in the layoff process. See McCleary-Evans v. Maryland Dep't of Transp., 780 F.3d 582, 585 (4th Cir. 2015) (alleging that comparators were "treated better" is insufficient to state a claim). See also Coleman, 626 F.3d at 191 (holding discrimination allegations insufficient where complaint failed to establish plausible basis for believing other employees were actually similarly situated).

Similarly, Plaintiff alleges generally that ATT's decision to remove him from his shop position in June 2017 was a result of age discrimination or retaliation. It is undisputed that ATT

made this decision during Plaintiff's ninety day qualification period. The CBA clearly provides that such a decision is "without recourse." "Amended Complaint," Exhibit 1, Art. 3, § 4 (document #5). Plaintiff has also failed to plead sufficient facts to support this claim.

Since there are no facts in the Amended Complaint plausibly showing that Plaintiff suffered from age discrimination or retaliation, his ADEA claims must be dismissed.

Accordingly, the undersigned respectfully recommends that Defendants' Motions to Dismiss be <u>granted</u> as to the ADEA claims.

### C. <u>Breach of Contract Claim</u>

Plaintiff alleges that ATT breached the CBA by removing him from his shop positions. He further alleges that IAMAW breached the CBA by failing to pursue the grievances he filed against ATT.

Section 301 of the Labor Management Relations Act provides that "suits for violation of contracts between an employer and a labor organization representing employees . . . may be brought in any district court of the United States having jurisdiction of the parties." 29 U.S.C. § 185(a). This provision "not only provides federal courts with jurisdiction over employment disputes covered by collective bargaining agreements, but also directs federal courts to fashion a body of federal common law to resolve such disputes." <u>McCormick v. AT & T Tech., Inc.</u>, 934 F.2d 531, 534 (4th Cir. 1991) (en banc). To ensure uniform interpretation of collective bargaining agreements, the Supreme Court has held that Section 301 preempts "any state cause of action for violation of contracts between an employer and a labor organization." <u>Franchise Tax Bd. v. Constr. Laborers Vacation Trust</u>, 463 U.S. 1, 23 (1983).

As a result, "a plaintiff may not pursue a state law breach of contract claim to enforce a collective bargaining agreement." <u>Barton v. House of Raeford Farms, Inc.</u>, 745 F.3d 95, 107 (4th

Cir. 2014). "Accordingly, when resolution of a state law claim depends substantially on the analysis of a collective bargaining agreement's terms, it must either be treated as a claim under § 301, subject to dismissal if the collective bargaining agreement's grievance and arbitration procedures have not been followed, or alternatively be dismissed as preempted by § 301." Id.

Where Plaintiff alleges a breach of the collective bargaining agreement by his employer and his union – a hybrid § 301 claim – the statute of limitations is six months. DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 163-165 (1983). Accordingly, Plaintiff's claims are time barred with the exception of ATT's decision to remove him from the shop in 2017. Plaintiff has failed to allege sufficient facts to support his § 301 claim. Taking the factual allegations of the Complaint as true, including the provisions of the CBA which Plaintiff attached, ATT was within its rights when it removed him from the shop during his ninety day qualification period. Accordingly, the undersigned respectfully recommends that Defendants' Motions to Dismiss be granted as to the breach of contract claim.

### III. ORDER

**IT IS HEREBY ORDERED** that all further proceedings in this action, including <u>all</u> discovery, are **STAYED** pending the District Judge's ruling on this Memorandum and Recommendation and Order.

### IV. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that "Defendant IAMAW's Motion to Dismiss" (document #11) and "Defendant Auto Truck Transports USA LLC's Motion to Dismiss …" (document #13) be **GRANTED**.

### V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same.  Failure to file objections to this Memorandum with the Court constitutes a waiver of the right to de novo review by the District Judge.  <u>Diamond v. Colonial Life</u>, 416 F.3d 310, 315-16 (4th Cir. 2005); <u>Wells v. Shriners Hosp.</u>, 109 F.3d 198, 201 (4th Cir. 1997); <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1365 (4th Cir. 1989).   Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal.  <u>Thomas v. Arn</u>, 474 U.S. 140, 147 (1985); <u>Diamond</u>, 416 F.3d at 316; <u>Page v. Lee</u>, 337 F.3d 411, 416 n.3 (4th Cir. 2003); <u>Wells</u>, 109 F.3d at 201; <u>Wright v. Collins</u>, 766 F.2d 841, 845-46 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to counsel for the parties; <u>and to the Honorable Robert J. Conrad, Jr.</u>

**SO ORDERED AND RECOMMENDED.**

Signed: January 31, 2018

David S. Cayer
United States Magistrate Judge